UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23478-Civ-COOKE/TURNOFF

SEBRINA PALMER,

    Plaintiff

vs.

MIAMI-DADE COUNTY, FLORIDA,

    Defendant.

_____/

## ORDER GRANTING DEFEDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CASE is before me on Defendant's Supplemental Motion for Summary Judgment. (ECF No. 18). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Supplemental Motion for Summary Judgment is granted.

### I. BACKGROUND

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendant, Miami-Dade County, employed Plaintiff, Sebrina Palmer, as a police sergeant. On August 22, 2008, Defendant terminated Plaintiff's employment. Plaintiff is an African-American female. Defendant stated, as grounds for her termination, that Plaintiff falsified payroll records.

The parties agree on the majority of the material facts.[1] It is undisputed that Plaintiff challenged her termination pursuant to Miami-Dade County Code § 2-47, the County's classified

---

[1] The facts set forth in Defendant's Statement of Undisputed Facts are deemed admitted to the extent that they are supported by evidence in the record, and are not specifically disputed in Plaintiff's opposing statement of facts. S.D. Fla. L.R. 7.5(D); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245-1246 (S.D. Fla. 2009).

civil service hearing process. The American Arbitration Association appointed Arbitrator Donald Ryce to conduct the hearing. Hearing Examiner Ryce conducted a two-day hearing. After the hearing, he wrote a report concluding that Plaintiff violated County rules by failing to take reasonable steps to ensure that the payroll documents she submitted were accurate. The hearing examiner recommended that Plaintiff's termination be upheld. On October 19, 2009, the County Manager, upon review of the hearing examiner's report and the record on appeal, sustained the hearing examiner's decision and confirmed Plaintiff's dismissal. On November 9, 2009, Plaintiff appealed the County Manager's final order to the Appellate Division of the Circuit Court for the Eleventh Judicial Circuit of Florida. On February 11, 2011, the Appellate Division, upon review of the entire administrative record, issued a mandate affirming the County Manager's decision.

Defendant argues that the doctrine of res judicata bars Plaintiff's discrimination claims, which are based on her August 22, 2008 termination. Plaintiff argues that res judicata does not apply because (i) res judicata cannot bar Title VII claims; (ii) the hearing examiner only had jurisdiction to determine whether she was guilty of rule violations, and therefore did not have jurisdiction to determine whether Defendant discriminated against her; and (iii) she did not litigate her discrimination claim in the underlying administrative proceeding.[2]

## II. LEGAL STANDARDS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

[2] Plaintiff requests that I defer ruling on this Motion because she has not had a full opportunity to conduct discovery. The issues raised in Defendant's Motion require the Court to make a decision on a legal issue by referring to the facts established in the underlying administrative record and the state court decision. Thus, fact discovery is unnecessary for this Court to resolve the question of whether res judicata applies to bar Plaintiff's claims. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466, 485 (1982) (upholding district court's dismissal of an employment discrimination case on res judicata grounds at the motion-to-dismiss stage).

of law." Fed. R. Civ. P. 56(c).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### III. ANALYSIS

Pursuant to 42 U.S.C. § 1738, "[t]he . . . judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."  "Section 1738 requires that full faith and credit be given by the federal courts to a state court decision upholding a state administrative agency's rejection of an

employment discrimination claim if two criteria are met: (1) the court of the state from which the judgment emerged would grant preclusive effect to the judgment, and (2) the state proceedings, including the administrative action and judicial review of this action, do not violate the procedural requirements of the Fourteenth Amendment's Due Process Clause." *Burney v. Polk Cmty. Coll.*, 728 F.2d 1374, 1378 (11th Cir. 1984).

### A. Federal Preclusion Principles Apply to Title VII Claims

Plaintiff's first argument is that res judicata does not bar Title VII claims. The Supreme Court's decision in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 475 (1982), forecloses this argument. There, the Court held that "Congress did not intend Title VII to repeal § 1738's requirement that federal courts give full faith and credit to state court judgments." The doctrine of res judicata may bar Title VII claims where a state court affirms an administrative agency's decision, and two criteria are met: (1) the state court would grant preclusive effect to the judgment, and (2) the state proceedings comport with the procedural requirements of the Fourteenth Amendment's Due Process Clause *Id*. at 485.

The first criterion is met because Florida courts grant preclusive effect to quasi-judicial administrative decisions. *See, e.g.*, *Burney*, 728 F.2d at 1381 (holding that Florida courts grant preclusive effect to a state court judgment affirming an administrative decision that rejects a plaintiff's employment discrimination claim); *Tuma v. Dade Cnty. Public Sch.*, 989 F. Supp. 1471, 1474 (S.D. Fla. 1998) ("It is of no moment that the state's ruling on discrimination may have been made in the context of a different legal proceeding.").

The second criterion is met because the state proceedings comport with the procedural requirements of the Fourteenth Amendment's Due Process Clause. Pursuant to Miami-Dade County Rules §§ 2-47 and 2-47.1, a dismissed employee is entitled to notice, an opportunity for a full hearing, compulsory process and representation by counsel before the hearing examiner, with

4

layers of administrative and judicial review. "Such procedures . . . provide all the due process that is constitutionally required." *Sharpley v. Davis*, 786 F.2d 1109, 1112 (11th Cir. 1986).

### B. Res Judicata Bars Plaintiff's Action

Under Florida law, res judicata applies if four conditions exist: (1) "identity of the thing sued for"; (2) "identity of the cause of action"; (3) "identity of the parties"; and (4) "identity of the quality in the person for or against whom the claim is made." *Albrecht v. State*, 444 So. 2d 8, 12 (Fla. 1984). When the four identities are present, res judicata attached to "all matters which were or could have been determined." *Id*. Plaintiff argues that "identity of the cause of action" does not exist between the present case and the state administrative proceeding because her claims are of a different nature and because the hearing examiner did not have jurisdiction to determine whether Defendant discriminated against her.[3]

1. <u>The Hearing Examiner Had Jurisdiction to Consider Plaintiff's Discrimination Claims</u>

Plaintiff argues that the language of Section 2-47 of the Miami-Dade County Code indicates that the hearing examiner cannot consider employment discrimination claims. Section 2-47 states, in relevant part: "[t]he hearing examiner shall conduct a hearing after notice upon the charges . . . ." Plaintiff argues that the phrase "upon the charges" means that the hearing examiner "only had the authority to determine whether the Defendant had cause to discipline her as set forth in the charges," i.e., on the claim that she falsified payroll records. Where the plain language of a statute is clear and unambiguous, "a court will not look beyond the statute's plain language . . . to ascertain

---

[3] Plaintiff does not dispute that the other identities are met. First, the "indentity of the thing sued for" is the same—in the administrative proceeding, as here, Plaintiff sued to obtain a reversal of her termination, reinstatement of employment, and reimbursement of lost wages. Although in this action Plaintiff also seeks damages, Florida law establishes that, "[i]f the claim or cause of action is substantially the same in both actions, it is not material that the relief demanded is in some manner different." *Russell v. A & L Dev., Inc.*, 273 So. 2d 439, 440 (Fla. Dist. Ct. App. 1973). The last two elements of the test are the met because the parties are the same in both actions—Sebrina Palmer and Miami-Dade County.

5

intent." *Rauen v. City of Miami*, 613 F. Supp. 2d 1324, 1340 (S.D. Fla. 2007). Nothing in the plain language of the Code indicates that such a narrow reading of the phrase "upon the charges" is warranted. *See Frith v. Miami-Dade Cnty.*, No. 5-20334-AJ, at 4-5 (S.D. Fla. May 3, 2006) (analyzing an identical argument regarding the "upon the charges" phrase and declining "to read such a limitation into the Code where none currently exists in the plain language"). Section 2-47 does not limit the types of claims an employee may raise before the hearing examiner. *Id*. at 4

Indeed, case law indicates that, in an administrative proceeding, hearing examiners may, and do, consider allegations of employment discrimination in determining the propriety of an employee's dismissal. *See, e.g.*, *Burney*, 728 F.2d at 1376 & n.3 (noting that hearing officer considered plaintiff's claims of racial discrimination in administrative proceeding to appeal dismissal, and noting that "the court's affirmance of the [administrative agency's] order can be read as necessarily involving a determination that the [agency] had jurisdiction over plaintiff's claim"); *Fowler v. Unemployment Appeals Comm'n*, 670 So. 2d 1202, 1202 (Fla. Dist. Ct. App. 1996) (reversing final order of unemployment appeals commission because hearing examiner erred in excluding claimant's evidence of sexual harassment and discrimination); *Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.*, 495 So. 2d 790, 793-94 (Fla. Dist. Ct. App. 1986) (holding that hearing officer properly found that agency fired employee because of racial animus).

    2.   <u>The Administrative Proceeding and this Action Meet the "Identity of the Cause of Action" Requirement</u>

Plaintiff's administrative proceeding and this federal action consist of the same cause of action for purposes of res judicata analysis under Florida law. "The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." *Albrecht*, 444 So. 2d at 12. In the administrative proceeding, Plaintiff challenged the propriety of her dismissal. Here, she also argues that Defendant improperly dismissed her. In both proceedings, Plaintiff must proffer evidence regarding her dismissal. In both

6

proceedings, Plaintiff argues that she was subject to disparate treatment, and therefore her dismissal was improper. Thus, the facts and evidence are the same in both causes of action — Plaintiff must proffer evidence and show facts to support her contention that Defendant improperly dismissed her because it had a discriminatory intent and the County's reasons for dismissing her were pretextual and illegitimate.

      This Court has found that a variety of different claims related to an employee's discharge meet the "identity of causes of action" requirement for the application of res judicata. *See, e.g.*, *Tuma*, 989 F. Supp. at 1474 (holding res judicata barred plaintiff's claim of religious discrimination because she raised those issues at an administrative proceeding to appeal her dismissal; the court concluded: "The exact argument that [plaintiff] presented to the ALJ, that she was discriminated against because of her religion, forms the crux of both her Title VII and her First Amendment claims in this case."); *Touron v. Metro. Dade Cnty.*, No. 91-1131 (S.D. Fla. Oct. 27, 1993), *aff'd*, 47 F.3d 430 (11th Cir. 1995) (holding res judicata barred a plaintiff's claims pursuant to Section 1983 and the U.S. Constitution because plaintiff could have raised those issues during an arbitration proceeding dealing with plaintiff's alleged violation of departmental rules and regulations).

      Eleventh Circuit case law confirms that Plaintiff's administrative appeal of her dismissal and her employment discrimination claims consist of the same cause of action. In *Burney*, the court held that res judicata barred a plaintiff's discrimination claims asserted in the district court. 728 F.2d at 1376-77. There, the plaintiff appealed his termination to a Florida state college's board of trustees. *Id*. at 1376. At the hearing, the plaintiff argued that his employer dismissed him because of racial discrimination. *Id*. The employer argued that it dismissed him based on his performance. *Id*. The hearing officer rejected plaintiff's discrimination claim and found that his termination was proper. *Id*. The Eleventh Circuit held that "[s]ince a Florida court would grant res judicata preclusive effect to all issues . . . which could have been raised before the district court of appeals

on direct review of the [agency's] order, a federal court is required to do the same." *Id*. at 1382.  By holding that Florida principles of res judicata applied, the court necessarily found that the plaintiff's racial discrimination claim constituted the same cause of action as the administrative appeal of his dismissal.

### C. Res Judicata Bars Plaintiff's Discrimination Claim Because She Litigated It, or Could Have Litigated It, Before the Hearing Officer

Having concluded that all four identities are present, I must determine whether Plaintiff raised or could have raised the employment discrimination claim during her administrative proceeding.  When the four identities are present, res judicata "prohibits not only relitigation of claims raised but also the litigation of claims *that could have been raised* in the prior action." *State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003) (emphasis in original).

In *Tuma*, this Court held that a plaintiff fully litigated a claim of religious discrimination in an administrative proceeding because "on several occasions she argued that her termination was motivated by religious discrimination." 989 F. Supp. at 1474.  The hearing officer "rejected this contention by concluding that the School Board's allegations of gross insubordination were proven clearly and convincingly." *Id*.  A Florida state court affirmed this decision. *Id*.  Based on these facts, the court held that res judicata barred Plaintiff's employment discrimination claim.

The facts of the present case are similar to those facing this Court in *Tuma*.  The record reveals that Plaintiff first raised the issue of disparate treatment in her opening statement. *See* Personnel Hearing Record, ECF No. 7-3, at 29-31.  The hearing officer then heard extensive arguments from both parties on the issue of disparate treatment. *See* Personnel Hearing Record, ECF No. 7-4, at 38-57; ECF No. 7-5, at 6-9.  Plaintiff presented several comparators to establish that similarly situated employees outside of a protected class were treated more favorably.[4] *Id*.  The

---

[4] A plaintiff establishes a prima facie case of employment discrimination, by showing:  (1) she belongs to a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly

record shows that the hearing examiner reviewed each of the purported comparators and reviewed the relevant case law. *Id*. The hearing examiner found that none of them were similarly situated to Plaintiff and therefore could not serve as a proper comparator. *Id*. Plaintiff's failure to identify a similarly situated employee precluded her from successfully asserting a discrimination claim. The hearing officer held that her dismissal was proper, and the state court affirmed. Res judicata bars Plaintiff's discrimination claim because Plaintiff raised and litigated the issue of disparate treatment during her administrative hearing. Additionally, as discussed above, all of the conditions for the application of res judicata exist in this case. After Plaintiff completed the administrative process, the state court affirmed the hearing examiner's decision. Thus, res judicata applies to bar any employment discrimination claims Plaintiff could have raised in her administrative proceeding, including the one raised in this action. *See Sharpley*, 786 F.2d at 1112 (holding that "because plaintiff could have asserted his constitutional claims in the administrative process [to appeal his dismissal], and because of the state court review of that process, he may not raise those claims now.").

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Defendant's Supplemental Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

2. The Clerk is directed to **CLOSE** this case.

3. All pending motions are **DENIED as moot**.

**DONE and ORDERED** in chambers at Miami, Florida, this 25TH day of April 2011.

---

situated employees outside her protected class more favorably; and (4) she is qualified to do the job. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). To make a comparison of the plaintiff's treatment to that of an employee outside her protected class, "the plaintiff must show that he and the employees are similarly situated in all relevant respects." *Id*. An employee is similarly situated for purposes of establishing a prima facie case, when the employee is "involved in or accused of the same or similar conduct and [is] disciplined in different ways." *Id*. "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." *Id*.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*